## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**DOMENEQUE TAYLOR**                                                              **PLAINTIFF**

v.                            **CASE NO. 4:21-CV-00866-BSM**

**ANTONIO MCNUTT and**
**ADAM GORTNEY**                                                             **DEFENDANTS**

### <u>ORDER</u>

Defendants' motion to dismiss [Doc. No. 130] is granted, and Domeneque Taylor's complaint is dismissed with prejudice for failure to comply with a court order. Fed. R. Civ. P. 41(b). Defendants seek dismissal of Taylor's claims due to her intentional and continued violations of the order issued on February 9, 2023. *See* Doc. Nos. 130, 140 & 109. Some background is necessary. After a large number of discovery pleadings were filed [Doc. Nos. 65, 66, 72, 74–78, 82–95, 103–05], defendants sought an emergency status conference [Doc. No. 100] to address the barrage of discovery and emails they were receiving from Taylor. At that stage of the proceedings, the parties needed direction and boundaries to address their discovery and communication issues.

A status hearing was held, and an order was issued voiding all of the previous discovery requests, honing future discovery with firm deadlines, setting limits on both interrogatories and requests for admission, and directing the parties to limit their communication with one another. Doc. No. 109. Specifically, the parties were ordered to have "<u>no telephonic, electronic, or in-person communications</u>" with one another. *Id.* (emphasis added). Instead, the parties were directed to mail their discovery requests and

responses to one another by United States Postal Service, according to the time frames set out in the order. *Id*. Given these clear parameters, the subsequent discovery should have been straight-forward. This has not been the case.

Defendants now move to dismiss Taylor's lawsuit alleging she has violated the "no contact" provision of the February 9th order. Doc. No. 130. In support of their motion, defendants have provided over 200 pages of exhibits demonstrating Taylor's willful violation of the communication restrictions and their own efforts to redirect her to the spirit of the February 9th order. *Id*. In particular, defendants explain that they became aware that Taylor had begun reaching out to the Little Rock Board of Directors. *Id*. Defendants then sent a letter to Taylor explaining that she could not speak to the Board about active litigation, and warned that if she continued to do so they may seek sanctions. Doc. No. 130-3. After receiving this written warning, defendants state that Taylor began inundating defense counsel and their paralegal with emails and voicemails despite the prohibitions of the February 9th order. Defendants attached examples of the voicemails to their motion. Doc. No. 130-8. A review of just two of the voicemails reveals that they are replete with profanity and name calling, and are rightly considered harassing communication.

In response to the motion, Taylor explains that, when she received and viewed the video of her arrest, the weight of reliving the experience overwhelmed her again. Doc. No. 137 at 3–4. While understandable, it does not justify her decisions following the February 9th order. Taylor suggests that defense counsel "began to use [her] grief and despair as a

means to have her lawsuit dismissed based on her private and personal beliefs and assessments of the officers conduct according to the footage." Doc. No. 137 at 5. Taylor is mistaken. It is not Taylor's grief and despair that has motivated defense counsel to move to dismiss her case, but rather Taylor's continued harassment of counsel using the very methods of communication she was ordered to refrain from, in direct contempt of the February 9th order. The federal rules provide for the relief defendants seek, and Taylor is not immune from the rules. Fed. R. Civ. P. 41(b).

Rather than explain her decisions to continue violating the February 9th order, Taylor suggests that, because she was the one who sought to limit communication at the emergency status hearing, she cannot be "in contempt of her own request." Doc. No. 137 at 6. No such exemption was created by the February 9th order. A plain directive was issued–devoid of any hidden caveats or unspoken meaning. Quite simply, neither party was to contact the other telephonically, electronically, or in person. Full stop. Taylor violated this directive. When defendants repeatedly asked Taylor to stop, and warned her that they would seek sanctions if she did not, Taylor doubled down and began leaving voicemails harassing defendants in violation of the order. Defendants' motion to dismiss [Doc. No. 130] is therefore granted, and Taylor's complaint is dismissed with prejudice. Fed. R. Civ. P. 41(b). All other motions are denied as moot.

IT IS SO ORDERED this 3rd day of May 2023.

UNITED STATES DISTRICT JUDGE